IN THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDY N. BROCK, individually and on behalf of a class of others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES, LP and LVNV Funding, LLC,<br><br>　　　　Defendants. | CLASS ACTION COMPLAINT<br><br><br>CASE NO. 14-00322 |

**CLASS ACTION COMPLAINT**

**COMES NOW** the Plaintiff, Judy N. Brock (hereafter the "Plaintiff") by counsel, and asserts her claims against the above named Defendants as follows:

**JURISDICTION AND VENUE**

1.　This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the complaint contains claims that arise under the laws of the United States.

2.　Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

**PRELIMINARY STATEMENT**

3.　This is an action for actual damages, statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendants' violations of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a time barred debt by filing a proof of claim form in Plaintiff's Chapter 13 bankruptcy case.

1

## PARTIES

5. Plaintiff is a natural person and adult resident of Mobile County, Alabama. She is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Resurgent Capital Services, LP ("Resurgent") does business within the State of Alabama.

5. Resurgent, according to its website, "is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers."[1]

6. Defendant LVNV Funding, LLC ("LVNV") also does business within the State of Alabama.

7. LVNV, according to its website, "purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2]

8. Resurgent and LVNV are regularly engaged in the practice debt collection.

9. The Defendants send collection letters and places collection calls as a regular part of its business.

10. Defendants are debt a collectors as defined by the FDCPA.

## FACTUAL ALLEGATIONS

11. Plaintiff, on April 14, 2014 filed for relief under Chapter 13 of Title 11 U.S. Code in the Bankruptcy Court for the Southern District of Alabama, Case Number 14- 01200.

12. The Resurgent, on or about filed a proof of claim against, on behalf of and at the direction of LVNV, her in her bankruptcy case seeking to collect the sum of $4,155.40,

---

[1] See https://www.resurgent.com/ .
[2] See http://www.lvnvfunding.com/ .

2

13. The claim, attached as Exhibit One, states the original creditor is "Washington Mutual Bank, NA" and that the date of the last transaction on the account was stated as Jamuary 16, 2008.

14. The claim is, on its face, barred by the applicable statute of limitations.

15. The filing of such a claim is an attempt to collect a time barred debt and a violation of at least Sections 1692e and 1692f of the FDCPA because it is "unfair," unconscionable," deceptive," and misleading.

## COUNT I
### (FDCPA Violation)

17. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

18. As a result of its violations of the FDCPA, Resurgent and LVNV are liable separately and severely, to Plaintiff for actual and statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants separately and severally for the following:

A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT II
### (CLASS ACTION ALLEGATIONS)

19. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

20. Plaintiff prays that this court will certify this action as a class action as provided by

3

Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

21. Plaintiff brings this action on behalf of herself and all members of a class defined as all consumers in the United States who:

    a. Filed for relief under chapter 13 of title 11 U.S. Code; and

    b. The defendants, or either of them, or caused to be filed in its behalf filed one or more claims, as that term is used in 11 U.S.C. § 501, in connection with debts whose collection was barred by the applicable limitations period;

    c. Within a period, beginning one year prior to the filing of the original complaint through the date of the certification of a class herein.

22. The class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that her claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity she will fairly and adequately protect the interest of the class.

23. Each class member has, or has been subjected to collection activity in violation of the FDCPA because the defendant has or attempted to collect a time barred debt from class members.

24. Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendants' business records.

25. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

      a.      Whether Defendants violated the FDCPA by filing a Proof of Claim related to a time barred debt;

      b.      What is the appropriate remedy for Defendants' violations of the FDCPA?

26.    Proof of common facts and legal doctrines by the representative plaintiff will determine the claims of each member of the class.

27.    This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

28.    The named representative's claims are typical and representative of the class.

29.    It is and was the practice of Defendants to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class or subclasses herein the remedies provided for in 15 U.S.C. § 1692k(a)(2)(B).

Respectfully Submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.  (UNDEE6591)
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, AL 365832
Telephone: 251-990-5558
Email: epunderwood@alalaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.**

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.  (UNDEE6591)

**DEFENDANT RESURGENT WILL BE SERVED BY CERTIFIED MAIL AT:**

| Registered Agent Name | CSC LAWYERS INCORPORATING SVC INC |
|---|---|

| Registered Office Mailing Address | 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |
|---|---|

**DEFENDANT LVNV WILL BE SERVED BY CERTIFIED MAIL AT:**

| Registered Agent Name | CSC-LAWYERS INCORPORATING SVC INC |
|---|---|

| Registered Office Mailing Address | 150 SOUTH PERRY STREET MONTGOMERY, AL 36104 |
|---|---|