**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | | |
|---|---|---|
| JUDY N. BROCK and DONALD CUNNINGHAM individually and on behalf of a class of others similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-00324-WS-M |
| | ) | |
| RESURGENT CAPITAL SERVICES, L.P. and LVNV FUNDING, LLC, | ) ) ) | Chief Judge William H. Steele Magistrate Judge Bert W. Milling, Jr. |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT RESURGENT CAPITAL SERVICES, L.P. TO
AMENDED CLASS ACTION COMPLAINT**

Comes now Resurgent Capital Services, L.P. ("Resurgent") and answers the allegations in the Amended Class Action Complaint (the "Amended Complaint"). Except as expressly admitted hereinbelow, Defendant Resurgent denies all allegations in the Amended Complaint.

**First Defense**

Defendant Resurgent asserts all defenses to the Amended Complaint that are or may be available to it under Fed. R. Civ. P. 12(b).

12186227.4

## Second Defense

The Amended Complaint fails to state claims against Defendant Resurgent upon which relief may be granted.   Accordingly, Defendant Resurgent asserts its right to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## Third Defense
## As to the Numbered Paragraphs

### Jurisdiction and Venue

1.      The allegations in paragraph 1 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Resurgent denies the same.   Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

2.      The allegations in paragraph 2 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Resurgent denies the same.   Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

### Preliminary Statement

3.      Denied as stated.   Resurgent admits that Plaintiffs seek to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), on behalf of a class of plaintiffs.   Resurgent further admits that on February 27, 2009, LVNV Funding, LLC ("LVNV") obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington

12186227.4

Mutual Bank, N.A. ending in **** **** **** 6693, a true and correct copy of which is attached hereto as Exhibit 1.  The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.  None of said acts give rise to an award of actual damages, statutory damages, costs, attorney's fees or interest.  Resurgent denies the remaining allegations set forth in paragraph 3 of the Amended Complaint. Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

### Parties

4.      Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which omits any paragraph numbered 4.

5.      Denied as stated.  Resurgent avers that Plaintiff Judy Brock's last known address is in Spanish Fort, Baldwin County, Alabama.  LVNV admits that Plaintiff Donald Cunningham's last known address is in Mobile County, Alabama. The remaining allegations in paragraph 5 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Resurgent denies the same.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

6.      Denied as stated.  Resurgent admits that it is registered to do business in Alabama.  Resurgent further admits that LVNV, not Resurgent, filed proofs of

12186227.4

claim in Plaintiffs' bankruptcy cases.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

5A.    Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 5.  Resurgent refers to the second paragraph numbered 5 as 5A.  The referenced webpage speaks for itself and Resurgent denies the allegations set forth in paragraph 5A of the Amended Complaint to the extent that they are inconsistent with the webpage.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

6A.    Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 6.  Resurgent refers to the second paragraph numbered 6 as 6A.  Denied as stated.  Resurgent admits that LVNV is registered to do business in Alabama.  Resurgent further admits that LVNV, not Resurgent, filed proofs of claim in Plaintiffs' bankruptcy cases.  Resurgent further admits that LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

7.    The referenced webpage speaks for itself and Resurgent denies the allegations set forth in paragraph 7 of the Amended Complaint to the extent that

they are inconsistent with the webpage.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

8.      Denied as stated.  Resurgent admits that LVNV owns that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693, and that LVNV was Plaintiff Judy Brock's judgment creditor at all times relevant.  Resurgent admits that LVNV owns that certain account which Plaintiff Donald Cunningham had opened with Capital One Bank (USA), N.A. ending in **** **** **** 0209.  Resurgent denies that LVNV sends collection letters or places collection calls as a regular part of its business.  Resurgent admits that it sends correspondence, but denies that it sent correspondence to Plaintiffs.  Resurgent denies the remaining allegations set forth in paragraph 8 of the Amended Complaint.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

9.      Denied as stated.  Resurgent denies that LVNV sends collection letters or places collection calls as a regular part of its business.  Resurgent admits that it sends correspondence, but denies that it sent correspondence to Plaintiffs.  Resurgent denies the remaining allegations set forth in paragraph 9 of the Amended Complaint.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

12186227.4

10.    Denied as stated.   Resurgent admits that LVNV owns that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693, and that LVNV was Plaintiff Judy Brock's judgment creditor at all times relevant.   Resurgent admits that LVNV owns that certain account which Plaintiff Donald Cunningham had opened with Capital One Bank (USA), N.A. ending in **** **** **** 0209.   Resurgent denies that LVNV sends collection letters or places collection calls as a regular part of its business. Resurgent admits that Resurgent sends correspondence, but denies that it sent correspondence to Plaintiffs.   Resurgent denies the remaining allegations set forth in paragraph 10 of the Amended Complaint.   Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

## Factual Allegations

11.    Resurgent admits the allegations set forth in paragraph 11 of the Amended Complaint.   Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

12.    Resurgent admits the allegations set forth in paragraph 12 of the Amended Complaint.   Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

13.    Resurgent admits that LVNV filed a proof of claim in Plaintiff Judy Brock's bankruptcy case.   Resurgent further admits that on February 27, 2009,

12186227.4

LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693. The judgment was enforceable for ten years afterwards. See Ala. Code § 6–9–192. Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

14.    The referenced proof of claim speaks for itself. Resurgent further admits that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693. The judgment was enforceable for ten years afterwards. See Ala. Code § 6–9–192. Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

15.    The allegations in paragraph 15 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Resurgent denies the same. Resurgent further avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693. The judgment was enforceable for ten years afterwards. See Ala. Code § 6–9–192. Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

12186227.4

16.     Resurgent denies the allegations set forth in paragraph 16 of the Amended Complaint.  Resurgent avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.  The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

17.     Resurgent admits that LVNV filed a proof of claim in Plaintiff Donald Cunningham's bankruptcy case.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

18.     The referenced proof of claim speaks for itself.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

19.     The allegations in paragraph 19 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Resurgent denies the same.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

20.     Resurgent denies the allegations set forth in paragraph 20 of the Amended Complaint.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

12186227.4

## Count I
### (FDCPA Violation)

21.    Resurgent restates and realleges its answers to the averments set forth in the preceding paragraphs of the Amended Complaint above as though fully set forth herein.

22.    Resurgent denies the allegations set forth in paragraph 22 of the Amended Complaint.

## Count II
### (Class Action Allegations)

19A.  Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 19.   Resurgent refers to the second paragraph numbered 19 as 19A.  Resurgent restates and realleges its answers to the averments set forth in the preceding paragraphs of the Amended Complaint above as though fully set forth herein.

20A.  Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 20.   Resurgent refers to the second paragraph numbered 20 as 20A.  Resurgent admits that Plaintiffs seek to assert claims and bring a class action under the FDCPA on behalf of a class of plaintiffs. Resurgent denies that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate.  Resurgent restates and realleges its answers to the averments set forth in the preceding paragraphs of the Amended

9

Complaint above as though fully set forth herein.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

21A.  Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 21A.  Resurgent refers to the second paragraph numbered 21 as 21A.  Resurgent admits that Plaintiffs seek to assert claims and bring a class action under the FDCPA on behalf of a class of plaintiffs. Resurgent denies that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate.  Resurgent avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.  The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.  Resurgent denies the remaining allegations set forth in paragraph 21A of the Amended Complaint.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

22A.  Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 22.  Resurgent refers to the second paragraph numbered 22 as 22A.  Resurgent denies that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate. Resurgent lacks knowledge and information sufficient to form a belief with respect

12186227.4

to the truth of the remaining allegations set forth in paragraph 22A of the Amended Complaint and, consequently, denies the same.  Resurgent affirmatively avers that it has not committed any violation or other wrongdoing.

23.     Resurgent denies the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Resurgent denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Resurgent denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Resurgent denies the allegations set forth in paragraph 26 of the Amended Complaint.  Resurgent avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.   The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.

27.     Resurgent denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Resurgent denies the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Resurgent denies the allegations set forth in paragraph 29 of the Amended Complaint.

12186227.4

30.    Resurgent denies the allegations set forth in paragraph 30 of the Amended Complaint.

31.    Resurgent denies all allegations set forth in the Amended Complaint not specifically admitted herein.

32.    Resurgent denies that Plaintiffs are entitled to relief requested in their prayer for relief, or any other relief, from Defendants.

## Fourth Defense

Resurgent asserts that Plaintiff Judy Brock's claims are barred by the doctrines of *res judicata*, estoppel, and comity.  On February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693, a true and correct copy of which is attached hereto as Exhibit 1.  The judgment was enforceable for ten years afterwards.  *See* Ala. Code § 6–9–192.

## Fifth Defense

Resurgent asserts that Plaintiffs' claims are preempted, precluded, and/or displaced by the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## Sixth Defense

Resurgent asserts all rights, privileges, protections, and defenses available under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and regulations issued under the Act.

12186227.4

## Seventh Defense

Resurgent affirmatively reserves the right to prove as to any alleged violation, whether specifically alleged in the Amended Complaint or otherwise, to be the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error as provided by 15 U.S.C. §1692k(c). Any acts by Resurgent that may have violated the FDCPA, which are denied, are defensible under the *bone fide* error defense provided by the FDCPA.

## Eighth Defense

Actions by Resurgent, if any as alleged, were not by any means violative of or prohibited by or actionable under the FDCPA or common law, including those alleged in the Amended Complaint and, in any event, were in good faith, inadvertent, simple mistakes, not willful or intentional attempts to violate the FDCPA or common law, and, at most, were mere technical violations.  None of said acts give rise to an injunction or award of actual damages, statutory damages, costs, attorney's fees or interest or other requested relief.

## Ninth Defense

Resurgent asserts all affirmative defenses that are or may become available (upon further investigation or discovery) under Fed. R. Civ. P. 8(c).

12186227.4

## **Tenth Defense**

Resurgent's counsel has not had opportunity to fully investigate all of the facts and circumstances involved in this action and this Answer will be amended pursuant to the Federal Rules of Civil Procedure should other defenses be uncovered during investigation.  Resurgent reserves the right to amend its affirmative defenses.

WHEREFORE, Resurgent prays that the Amended Complaint be dismissed, with its costs.

12186227.4

Respectfully submitted,

s/Derek W. Edwards
Derek W. Edwards (TN BPR No. 021455)
(Admitted *Pro Hac Vice*)
Todd R. Hambidge (TN BPR No. 028671)
(Admitted *Pro Hac Vice*)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee  37219-8966
Telephone:  (615) 244-6380
Facsimile:  (615) 244-6804
Email:          derek.edwards@wallerlaw.com
                    todd.hambidge@wallerlaw.com

Larry B. Childs (ASB No. 9113-C58L)
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203-2623
Telephone:  (205) 226-5701
Facsimile:  (205) 214-8787
Email:          larry.childs@wallerlaw.com

*Attorneys for Defendants Resurgent Capital
Services, L.P. and LVNV Funding, LLC*

15

12186227.4

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2014, a copy of the foregoing was filed electronically.   Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   All other parties will be served by regular U.S. mail.   Parties may access this filing through the Court's electronic filing system.

Earl P. Underwood, Jr., Esq.
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama  365832
Telephone:  (251) 990-5558
Facsimile:   (251) 990-0626
Email:        epunderwood@alalaw.com

Kenneth J. Riemer, Esq.
P.O. Box 1206
Mobile, Alabama  36633
Telephone:  (251) 432-9212
Facsimile:   (251) 990-0626
Email:        kriemer01@gmail.com

s/Derek W. Edwards
Derek W. Edwards (TN BPR No. 021455)
(Admitted *Pro Hac Vice*)
Todd R. Hambidge (TN BPR No. 028671)
(Admitted *Pro Hac Vice*)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee  37219-8966
Telephone:  (615) 244-6380
Facsimile:   (615) 244-6804
Email:        derek.edwards@wallerlaw.com
                   todd.hambidge@wallerlaw.com

12186227.4

Larry B. Childs (ASB No. 9113-C58L)
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203-2623
Telephone:  (205) 226-5701
Facsimile:  (205) 214-8787
Email:        larry.childs@wallerlaw.com

*Attorneys for Defendants Resurgent Capital
Services, L.P. and LVNV Funding, LLC*

17