# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| JUDY N. BROCK and DONALD CUNNINGHAM individually and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RESURGENT CAPITAL SERVICES, L.P. and LVNV FUNDING, LLC, <br><br> Defendants. | Civil Action No. 1:14-cv-00324-WS-M <br><br> Chief Judge William H. Steele <br> Magistrate Judge Bert W. Milling, Jr. |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LVNV FUNDING, LLC TO AMENDED CLASS ACTION COMPLAINT

Comes now LVNV Funding, LLC ("LVNV") and answers the allegations in the Amended Class Action Complaint (the "Amended Complaint"). Except as expressly admitted hereinbelow, Defendant LVNV denies all allegations in the Amended Complaint.

### First Defense

Defendant LVNV asserts all defenses to the Amended Complaint that are or may be available to it under Fed. R. Civ. P. 12(b).

**Second Defense**

The Amended Complaint fails to state claims against Defendant LVNV upon which relief may be granted. Accordingly, Defendant LVNV asserts its right to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**Third Defense**
**As to the Numbered Paragraphs**

**Jurisdiction and Venue**

1.  The allegations in paragraph 1 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, LVNV denies the same. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

2.  The allegations in paragraph 2 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, LVNV denies the same. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

**Preliminary Statement**

3.  Denied as stated. LVNV admits that Plaintiffs seek to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), on behalf of a class of plaintiffs. LVNV further admits that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** ****

**** 6693, a true and correct copy of which is attached hereto as Exhibit 1. The judgment was enforceable for ten years afterwards. See Ala. Code § 6–9–192. None of said acts give rise to an award of actual damages, statutory damages, costs, attorney's fees or interest. LVNV denies the remaining allegations set forth in paragraph 3 of the Amended Complaint. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

## Parties

4. Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which omits any paragraph numbered 4.

5. Denied as stated. LVNV avers that Plaintiff Judy Brock's last known address is in Spanish Fort, Baldwin County, Alabama. LVNV admits that Plaintiff Donald Cunningham's last known address is in Mobile County, Alabama. The remaining allegations in paragraph 5 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, LVNV denies the same. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

6. Denied as stated. LVNV admits that Resurgent is registered to do business in Alabama. LVNV further admits that it, not Resurgent, filed proofs of claim in Plaintiffs' bankruptcy cases. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

5A. Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 5. LVNV refers to the second paragraph numbered 5 as 5A. The referenced webpage speaks for itself and LVNV denies the allegations set forth in paragraph 5A of the Amended Complaint to the extent that they are inconsistent with the webpage. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

6A. Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 6. LVNV refers to the second paragraph numbered 6 as 6A. Denied as stated. LVNV admits that it is registered to do business in Alabama. LVNV further admits that it, not Resurgent, filed proofs of claim in Plaintiffs' bankruptcy cases. LVNV further admits that it obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

7. The referenced webpage speaks for itself and LVNV denies the allegations set forth in paragraph 7 of the Amended Complaint to the extent that they are inconsistent with the webpage. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

8. Denied as stated. LVNV admits that LVNV owns that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending

4

in \*\*\*\* \*\*\*\* \*\*\*\* 6693, and that LVNV was Plaintiff Judy Brock's judgment creditor at all times relevant. LVNV admits that LVNV owns that certain account which Plaintiff Donald Cunningham had opened with Capital One Bank (USA), N.A. ending in \*\*\*\* \*\*\*\* \*\*\*\* 0209. LVNV denies that it sends collection letters or places collection calls as a regular part of its business. LVNV admits that Resurgent sends correspondence, but denies that Resurgent sent correspondence to Plaintiffs. LVNV denies the remaining allegations set forth in paragraph 8 of the Amended Complaint. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

9. Denied as stated. LVNV denies that it sends collection letters or places collection calls as a regular part of its business. LVNV admits that Resurgent sends correspondence, but denies that Resurgent sent correspondence to Plaintiffs. LVNV denies the remaining allegations set forth in paragraph 9 of the Amended Complaint. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

10. Denied as stated. LVNV admits that LVNV owns that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in \*\*\*\* \*\*\*\* \*\*\*\* 6693, and that LVNV was Plaintiff Judy Brock's judgment creditor at all times relevant. LVNV admits that LVNV owns that certain account which Plaintiff Donald Cunningham had opened with Capital One Bank (USA),

N.A. ending in **** **** **** 0209.  LVNV denies that it sends collection letters or places collection calls as a regular part of its business.  LVNV admits that Resurgent sends correspondence, but denies that Resurgent sent correspondence to Plaintiffs.  LVNV denies the remaining allegations set forth in paragraph 10 of the Amended Complaint.  LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

**Factual Allegations**

11.     LVNV admits the allegations set forth in paragraph 11 of the Amended Complaint.  LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

12.     LVNV admits the allegations set forth in paragraph 12 of the Amended Complaint.  LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

13.     LVNV admits that it filed a proof of claim in Plaintiff Judy Brock's bankruptcy case.  LVNV further admits that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.  The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.  LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

6

12182524.6

14.     The referenced proof of claim speaks for itself.  LVNV further admits that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.  The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.  LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

15.     The allegations in paragraph 15 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, LVNV denies the same.  LVNV further avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.  The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.  LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

16.     LVNV denies the allegations set forth in paragraph 16 of the Amended Complaint.  LVNV avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693.  The judgment was enforceable for ten years afterwards.  See Ala. Code § 6–9–192.  LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

12182524.6

17. LVNV admits that it filed a proof of claim in Plaintiff Donald Cunningham's bankruptcy case. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

18. The referenced proof of claim speaks for itself. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

19. The allegations in paragraph 19 of the Amended Complaint are legal conclusions that do not lend themselves to an answer and, consequently, LVNV denies the same. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

20. LVNV denies the allegations set forth in paragraph 20 of the Amended Complaint. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

## Count I
**(FDCPA Violation)**

21. LVNV restates and realleges its answers to the averments set forth in the preceding paragraphs of the Amended Complaint above as though fully set forth herein.

22. LVNV denies the allegations set forth in paragraph 22 of the Amended Complaint.

12182524.6

## Count II
### (Class Action Allegations)

19A. Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 19. LVNV refers to the second paragraph numbered 19 as 19A. LVNV restates and realleges its answers to the averments set forth in the preceding paragraphs of the Amended Complaint above as though fully set forth herein.

20A. Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 20. LVNV refers to the second paragraph numbered 20 as 20A. LVNV admits that Plaintiffs seek to assert claims and bring a class action under the FDCPA on behalf of a class of plaintiffs. LVNV denies that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate. LVNV restates and realleges its answers to the averments set forth in the preceding paragraphs of the Amended Complaint above as though fully set forth herein. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

21A. Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 21A. LVNV refers to the second paragraph numbered 21 as 21A. LVNV admits that Plaintiffs seek to assert claims and bring a class action under the FDCPA on behalf of a class of plaintiffs. LVNV denies that Plaintiffs are qualified representatives of any class of plaintiffs and that a

class action is appropriate. LVNV avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693. The judgment was enforceable for ten years afterwards. See Ala. Code § 6–9–192. LVNV denies the remaining allegations set forth in paragraph 21A of the Amended Complaint. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

22A. Plaintiffs mis-numbered the paragraphs in their Amended Complaint, which includes two paragraphs numbered 22. LVNV refers to the second paragraph numbered 22 as 22A. LVNV denies that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate. LVNV lacks knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations set forth in paragraph 22A of the Amended Complaint and, consequently, denies the same. LVNV affirmatively avers that it has not committed any violation or other wrongdoing.

23. LVNV denies the allegations set forth in paragraph 23 of the Amended Complaint.

24. LVNV denies the allegations set forth in paragraph 24 of the Amended Complaint.

12182524.6

25. LVNV denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. LVNV denies the allegations set forth in paragraph 26 of the Amended Complaint. LVNV avers that on February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693. The judgment was enforceable for ten years afterwards. See Ala. Code § 6–9–192.

27. LVNV denies the allegations set forth in paragraph 27 of the Amended Complaint.

28. LVNV denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. LVNV denies the allegations set forth in paragraph 29 of the Amended Complaint.

30. LVNV denies the allegations set forth in paragraph 30 of the Amended Complaint.

31. LVNV denies all allegations set forth in the Amended Complaint not specifically admitted herein.

32. LVNV denies that Plaintiffs are entitled to relief requested in their prayer for relief, or any other relief, from Defendants.

### Fourth Defense

LVNV asserts that Plaintiff Judy Brock's claims are barred by the doctrines of *res judicata*, estoppel, and comity. On February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693, a true and correct copy of which is attached hereto as <u>Exhibit 1</u>. The judgment was enforceable for ten years afterwards. *See* Ala. Code § 6–9–192.

### Fifth Defense

LVNV asserts that Plaintiffs' claims are preempted, precluded, and/or displaced by the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

### Sixth Defense

LVNV asserts all rights, privileges, protections, and defenses available under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and regulations issued under the Act.

### Seventh Defense

LVNV affirmatively reserves the right to prove as to any alleged violation, whether specifically alleged in the Amended Complaint or otherwise, to be the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error as provided by 15 U.S.C. §1692k(c).

12182524.6

Any acts by LVNV that may have violated the FDCPA, which are denied, are defensible under the *bone fide* error defense provided by the FDCPA.

### Eighth Defense

Actions by LVNV, if any as alleged, were not by any means violative of or prohibited by or actionable under the FDCPA or common law, including those alleged in the Amended Complaint and, in any event, were in good faith, inadvertent, simple mistakes, not willful or intentional attempts to violate the FDCPA or common law, and, at most, were mere technical violations. None of said acts give rise to an injunction or award of actual damages, statutory damages, costs, attorney's fees or interest or other requested relief.

### Ninth Defense

LVNV asserts all affirmative defenses that are or may become available (upon further investigation or discovery) under Fed. R. Civ. P. 8(c).

### Tenth Defense

LVNV's counsel has not had opportunity to fully investigate all of the facts and circumstances involved in this action and this Answer will be amended pursuant to the Federal Rules of Civil Procedure should other defenses be uncovered during investigation. LVNV reserves the right to amend its affirmative defenses.

WHEREFORE, LVNV prays that the Amended Complaint be dismissed, with its costs.

Respectfully submitted,

s/Derek W. Edwards
Derek W. Edwards (TN BPR No. 021455)
(Admitted *Pro Hac Vice*)
Todd R. Hambidge (TN BPR No. 028671)
(Admitted *Pro Hac Vice*)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee 37219-8966
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: derek.edwards@wallerlaw.com
todd.hambidge@wallerlaw.com

Larry B. Childs (ASB No. 9113-C58L)
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203-2623
Telephone: (205) 226-5701
Facsimile: (205) 214-8787
Email: larry.childs@wallerlaw.com

*Attorneys for Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      Earl P. Underwood, Jr., Esq.
      Underwood & Riemer, P.C.
      21 South Section Street
      Fairhope, Alabama 365832
      Telephone: (251) 990-5558
      Facsimile: (251) 990-0626
      Email:    epunderwood@alalaw.com

      Kenneth J. Riemer, Esq.
      P.O. Box 1206
      Mobile, Alabama 36633
      Telephone: (251) 432-9212
      Facsimile: (251) 990-0626
      Email:    kriemer01@gmail.com

      s/Derek W. Edwards
      Derek W. Edwards (TN BPR No. 021455)
      (Admitted *Pro Hac Vice*)
      Todd R. Hambidge (TN BPR No. 028671)
      (Admitted *Pro Hac Vice*)

      WALLER LANSDEN DORTCH & DAVIS, LLP
      Nashville City Center
      511 Union Street, Suite 2700
      Post Office Box 198966
      Nashville, Tennessee 37219-8966
      Telephone: (615) 244-6380
      Facsimile: (615) 244-6804
      Email:    derek.edwards@wallerlaw.com
                  todd.hambidge@wallerlaw.com

Larry B. Childs (ASB No. 9113-C58L)
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203-2623
Telephone: (205) 226-5701
Facsimile: (205) 214-8787
Email: larry.childs@wallerlaw.com

*Attorneys for Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC*