**IN THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JUDY N. BROCK, and DONALD CUNNINGHAM individually and on behalf of a class of others similarly situated,** | ) ) ) ) | **Civil Action No. 1:14-cv-00324-WS-M** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **RESURGENT CAPITAL SERVICES, LP and LVNV Funding, LLC,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPORT OF PARTIES' PLANNING MEETING**</u>

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

Earl P. Underwood, Jr., representing the Plaintiffs, Judy N. Brock and Donald Cunningham.

Larry B. Childs, Derek W. Edwards (admitted pro hac vice), and Todd R. Hambidge (admitted pro hac vice) representing the Defendants, Resurgent Capital Services, L.P. ("Resurgent") and LVNV Funding, LLC ("LVNV").

The parties do not request a conference with the Court before entry of the scheduling order.

1.      **Nature of the Case:**

**Plaintiffs' Summary:**

This is an action for actual damages, statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiffs bring this action individually and on behalf of all others similarly situated to recover damages due to the Defendants' violations of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect time barred debts by filing proof of claim forms in Plaintiffs' Chapter 13

bankruptcy cases.

**Defendants' Summary:**

Actions by Defendants were not by any means prohibited by or actionable under any federal law, neither under the FDCPA, nor under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*  None of said acts give rise to an award of actual damages, statutory damages, costs or attorney's fees.

First, Plaintiff Judy Brock's claims are barred by the doctrines of *res judicata*, estoppel, and comity.  LVNV filed a proof of claim in Plaintiff Judy Brock's bankruptcy case.  However, LVNV was Plaintiff Judy Brock's judgment creditor at all times relevant.  On February 27, 2009, LVNV obtained a default judgment on that certain account which Plaintiff Judy Brock had opened with Washington Mutual Bank, N.A. ending in **** **** **** 6693, a true and correct copy of which is attached to its Answer to the Amended Complaint as <u>Exhibit 1</u>.  The judgment was enforceable for ten years afterwards.  *See* Ala. Code § 6–9–192.  As such, enforcement of the proof of claim which LVNV had filed in Plaintiff Judy Brock's bankruptcy case was not barred by any statute of limitations.

Second, Plaintiffs' claims are precluded by the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.  The filing of a proof of claim in a bankruptcy proceeding cannot be the basis of a cause of action under the FDCPA.

Third, Plaintiffs' claims are barred for the following reasons: (i) Plaintiffs do not have standing because their claims for alleged violations of the FDCPA belong to their bankruptcy estates; (ii) bankruptcy estates are not natural persons and, as such, cannot bring claims for alleged violations of the FDCPA; (iii) proofs of claim are not communications with consumers and, as such, the least sophisticated consumer standard does not apply – *i.e.*, the least sophisticated

consumer standard does not apply when determining if filing proofs of claims are abusive, deceptive, or unfair because proofs of claim are directed to attorneys; (iv) filing proofs of claims are not equivalent to filing lawsuits to collect an unenforceable debt; and (v) the FDCPA does not apply to communications made to attorneys, like proofs of claims.

Fourth, any acts by Resurgent that may have violated the FDCPA, which are denied, are defensible under the *bona fide* error defense provided by the FDCPA.

Fifth, Defendants have filed an "Emergency Motion for a Stay of the Mandate Pending Petition for Writ of Certiorari" in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1254 (11th Cir. 2014), which is pending.  If the Eleventh Circuit stays the mandate, and the Supreme Court grants review, then the Court should stay this case, inasmuch as *Crawford* is the only authority that supports Plaintiffs' claims.

Sixth, at this time, Defendants dispute that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate.

By stating the foregoing, Defendants do not waive their right to assert additional arguments in opposition to Plaintiffs' claims.

2.      This jury action should be ready for class certification hearing within eight months. When the case will be ready for jury trial will depend on the Court's decision on class certification. If a class is certified, the parties expect a trial to take less than 1 week.  If the class is not certified, the trial is expected to take 1-2 days.

3.      The parties request a pretrial conference 30 days before trial.

4.      **Discovery Plan:**

Prior to a ruling on class certification, the parties will focus their discovery upon discovery relating to the elements of Rule 23 and to the merits of the Plaintiffs' individual claims.  Initial

disclosures will be due 21 days after this report is signed by the parties.  Discovery regarding the claims of the named Plaintiffs may proceed during class discovery.   The parties anticipate entering an agreed protective order concerning documents and information exchanged.

The parties propose the following plan for discovery:

(a) **Depositions**: The parties agree to a maximum of 7 depositions for Plaintiffs, 7 depositions for each Defendant, with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties, pursuant to the standards set forth in the Federal Rules of Civil Procedure.

(b) **Interrogatories**: The parties agree to a maximum of 30 by Plaintiffs, 30 by each of the Defendants, including subparts, directed toward any other party, to be answered within 30 days of service.

(c) **Requests for Admission**: The parties agree to a maximum of 25 by Plaintiffs, 25 by the Defendants, including subparts, to be answered within 30 days of service.

(d) **Requests for Production:** The parties agree to a maximum of 30 by Plaintiffs, 30 by each of the Defendants, to be answered within 30 days of service.

(e) **Parties:** The parties agree that the Plaintiffs shall have 120 days from the date this report is signed to join additional parties.  Defendants shall have 150 days from the date this report is signed to join additional parties.

(f) **Pleadings:** Plaintiffs shall have 120 days from the date this report is signed to amend the pleadings.  Defendants shall have 150 days from the date this report is signed to amend the pleadings.

(g) **Class Certification Experts:** Plaintiffs shall identify any class certification expert and produce a copy of his or her report within 120 days from the date this report is signed. Defendants shall identify any class certification expert and produce a copy of his or her report within 60 days after Plaintiffs identify their class certification expert.

(h) **Class Certification Motion:** Any motion for class certification and supporting briefs and exhibits must be filed within 180 days from the date this report is signed. Defendant shall respond within 30 days of the filing of the motion for class certification. Plaintiffs' reply will be due 15 days thereafter.

(i) **Trial:** The parties request that the Court hold a scheduling conference to discuss the remaining scheduling issues following a decision on the class certification issue, as this issue will have a significant effect on the amount of time necessary to prepare for and complete a trial. Within 30 days of a ruling on class certification, the parties should submit their proposal for the remainder of the schedule, including a trial date.

If the Eleventh Circuit grants Defendants' "Emergency Motion for a Stay of the Mandate Pending Petition for Writ of Certiorari" in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1254 (11th Cir. 2014), and/or the Supreme Court grants Defendants' Petition for Writ of Certiorari, then Defendants will move to stay this case.

**5.    Electronic Data:**

Where relevant and responsive, the parties will produce photocopies and/or .pdf versions of data that is maintained electronically. The parties agree to work together to agree upon the types of electronic data that should be preserved.

**6.      Electronic Service**:

The parties agree that service of any document may be effected by email, but that deadlines for responding to documents served via email will be calculated as if such documents had been served by U.S. Mail.

**7.      Settlement:**

The parties agree that the possibility of settlement cannot be evaluated at this early juncture.

**8.      Other Items**:

(a)      The parties do not request a conference with the Court before entry of the scheduling order.

(b)      Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

i.      The production of ESI should be done in .pdf format.

ii.      If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

iii.      The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

The attorneys for the parties jointly prepared this Report of the Parties' Planning Meeting. Counsel for Plaintiffs and counsel for Defendants have reviewed this report and given permission to the undersigned to file this report electronically with the Court on behalf of the parties.

Respectfully submitted this, the 14 day of October, 2014.

4845-1689-2959.8

| | |
|---|---|
| s/Derek W. Edwards (with consent) | s/ Earl P. Underwood, Jr. |
| Derek W. Edwards (TN BPR No. 021455) | Earl P. Underwood, Jr. (UNDEE6591) |
| (Admitted *Pro Hac Vice*) | Underwood & Riemer, PC |
| Todd R. Hambidge (TN BPR No. 028671) | 21 South Section Street |
| (Admitted *Pro Hac Vice*) | Fairhope, AL 36532 |
| | Telephone: 251-990-5558 |
| WALLER LANSDEN DORTCH & DAVIS, LLP | Fax: 251-990-0626 |
| Nashville City Center | Email: epunderwood@alalaw.com |
| 511 Union Street, Suite 2700 | |
| Post Office Box 198966 | |
| Nashville, Tennessee 37219-8966 | |
| Telephone: (615) 244-6380 | |
| Facsimile: (615) 244-6804 | |
| Email: derek.edwards@wallerlaw.com | |
| Email: todd.hambidge@wallerlaw.com | |
| | |
| Larry B. Childs (ASB No. 9113-C58L) | |
| WALLER LANSDEN DORTCH & DAVIS, LLP | |
| 1901 Sixth Avenue North, Suite 1400 | |
| Birmingham, Alabama 35203-2623 | |
| Telephone: (205) 226-5701 | |
| Facsimile: (205) 214-8787 | |
| Email: larry.childs@wallerlaw.com | |