IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDY N. BROCK, et al., etc., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0324-WS-M |
| | ) |
| RESURGENT CAPITAL SERVICES, LP, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

The plaintiffs have filed a motion to stay discovery and all other proceedings in this action pending the Eleventh Circuit's resolution of an appeal of this Court's decision in *Johnson v. Midland Funding, LLC*, 528 B.R. 462 (S.D. Ala. 2015). (Doc. 44). The defendants oppose the motion. (Doc. 47).

The amended complaint alleges that the defendants violated the Fair Debt Collection Practices Act ("the Act") by filing proofs of claim in their Chapter 13 bankruptcy proceedings on a debt barred by the statute of limitations. (Doc. 1 at 2-4). The Court in *Johnson* held that, while the Act "provides that it is unlawful for a debt collector to file a proof of claim in a Chapter 13 proceeding knowing the claim to be time-barred," the Bankruptcy Code generally "permits creditors to file proofs of claim in Chapter 13 proceedings on debts known to be time-barred." 528 B.R. at 465, 470. The two provisions are "in irreconcilable conflict," with the result that "the Act must give way to the Code," *id*. at 473, precluding the plaintiff's cause of action. The *Johnson* plaintiff appealed that ruling in March 2015.

The instant motion was triggered by two dispositive motions filed by the defendants. The motion to dismiss argues that the claim of plaintiff Brock is barred under the *Rooker-Feldman* doctrine. (Doc. 37). The motion for judgment

on the pleadings argues that the claims of both plaintiffs are due to be dismissed for several reasons:  (1) filing a proof of claim on a time-barred debt cannot violate the Act; (2) even if such conduct does violate the Act, the Act is in irreconcilable conflict with the Code and cannot be enforced; (3) filing a proof of claim on a time-barred debt is not false, deceptive or otherwise violative of the Act; and (4) the proofs of claim will not support liability under the competent-lawyer standard.  (Doc. 41 at 3-4).  The plaintiffs assert that the issues presented in *Johnson* "are substantially the same as in this case," such that "the most efficient use of this Court's and the parties' resources and time" is to stay this action "pending a final decision by the Eleventh Circuit in Johnson."  (Doc. 44 at 2).

"[A] district court [has] discretion to stay a case pending the resolution of related proceedings in another forum."  *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).  However, a stay that is "immoderate" abuses that discretion.  *Id*.  "In considering whether a stay is 'immoderate,' we examine both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay."  *Id*.

As noted, the plaintiffs seek a stay until the Eleventh Circuit proceedings are concluded, without offering a specific end date.  Such proceedings may of course extend past briefing, oral argument and written decision to rehearing by the panel and/or en banc.  An "indefinite" stay, such as one (as requested here) to continue until the related litigation is fully exhausted, may be deemed immoderate. *Ortega Trujillo*, 221 F.3d at 1264-65.

The plaintiffs' only reason for seeking a stay is "efficien[cy]."  But, "in a case like this one, the interests of judicial economy alone are insufficient to justify such an indefinite stay."  *Ortega Trujillo*, 221 F.3d at 1265.

For the reasons set forth above, the Court exercises its discretion against the imposition of a stay.  The plaintiffs' motion to stay is **denied**.

The Court previously entered a briefing schedule on the defendants' motion to dismiss but not on their motion for judgment on the pleadings.  It now appears,

however, that consideration of the latter motion first would be most efficient. The defendants therein argue, (Doc. 41 at 31-43), that any cause of action under the Act is precluded by the Code – the very argument accepted by the Court in *Johnson*. Accordingly, the briefing schedule on the motion to dismiss, (Docs. 43, 46), is **suspended**. The plaintiffs are **ordered** to file and serve, on or before **July 31, 2015**, their response to that portion of the motion for judgment on the pleadings that presents a *Johnson* argument. The defendants are ordered to file and serve any reply on or before **August 7, 2015**. The Court will take that portion of the motion for judgment on the pleadings under submission on August 7, 2015.[1]

DONE and ORDERED this 17th day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The defendants indicate they are amenable to a stay of discovery pending resolution of their threshold motions. They, or the parties jointly, are free to file, for consideration by the Magistrate Judge, a motion seeking such relief.

3