IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDY N. BROCK, et al., etc., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 14-0324-WS-M |
| | ) | |
| RESURGENT CAPITAL SERVICES, LP, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on the defendants' motion for judgment on the pleadings. (Doc. 40). Upon initial review, the Court noted that among the defendants' arguments is one the Court recently addressed in *Johnson v. Midland Funding, LLC*, 528 B.R. 462 (S.D. Ala. 2015). The Court ordered the parties to focus their briefing on that issue, and the parties have done so. (Docs. 41, 51, 54).

The amended complaint alleges that the defendants violated the Fair Debt Collection Practices Act ("the Act") by filing proofs of claim in the plaintiffs' Chapter 13 bankruptcy proceedings on debts plainly barred by the statute of limitations. (Doc. 21 at 2-4). The Court in *Johnson* held that, while the 1977 Act "provides that it is unlawful for a debt collector to file a proof of claim in a Chapter 13 proceeding knowing the claim to be time-barred," the 1978 Bankruptcy Code generally "permits creditors to file proofs of claim in Chapter 13 proceedings on debts known to be time-barred." 528 B.R. at 465, 470. The Court ruled that the two provisions are "in irreconcilable conflict," with the result that "the Act must give way to the Code," *id.* at 473, precluding the plaintiff's cause of action.

The plaintiffs (represented by the same counsel as in *Johnson*) disagree with the Court's construction of the Code. (Doc. 51 at 9-16). They also maintain

that, even if the Court correctly construed the Code, there is no irreconcilable conflict between the Code and the Act. (*Id*. at 16-18). The plaintiffs' argument regarding irreconcilable conflict mirrors that of the plaintiff in *Johnson*, and it fails for the reasons set forth therein. The Court thus turns to whether the Code prohibits debt collectors from filing proofs of claim on debts as to which they know the limitations period has expired.

As set forth in *Johnson*, the Code provides that a creditor "may file a proof of claim." 11 U.S.C. § 501(a). A "claim" is a "right to payment." *Id*. § 101(5)(A). The existence of a "right to payment" is governed by state law. *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co*., 549 U.S. 443, 451 (2007). Under Alabama law, a creditor has a right to payment of a debt even after the limitations period expires; the remedy is extinguished, but the right to payment continues. *Ex parte HealthSouth Corp*., 974 So. 2d 288, 296 (Ala. 2007); *Ex parte Liberty National Life Insurance Co*., 825 So. 2d 758, 765 (Ala. 2007); *Pinigis v. Regions Bank*, 942 So. 2d 841, 848 (Ala. 2006). Because the defendant continued to have a right to payment under Alabama law after the statute of limitations expired, it had a claim under Section 101(5)(A) and therefore was permitted to file a proof of claim under Section 501(a). 528 B.R. at 465-66. The Court then showed that this straightforward construction is consistent with several features of the Code and with pre-Code practice, which Congress did not indicate it was abandoning. *Id*. at 468-69. Finally, the Court noted that Congress and the Supreme Court consider the Code's definition of "claim" as the "broadest possible," an understanding at war with the narrower construction championed by the plaintiff. *Id*. at 467.

The plaintiffs, (Doc. 51 at 9-10), stress that "[t]he plain meaning of a 'right to payment' is nothing more nor less than an enforceable obligation …." *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 559 (1990). As the Court explained in *Johnson*, the Supreme Court did not by this language proclaim that a creditor holding a debt subject to a limitations defense

2

has no right to payment even when state law (which governs, per *Travelers*) says he does.  Instead, the *Davenport* Court (which expressly confirmed that the Code's definition of "claim" is the "broadest possible," 495 U.S. at 558, 564), used the term "enforceable obligation" only in the "sense of an interest recognized and protected by law," as opposed to "a mere moral obligation or idiosyncratic opinion with which the law is not concerned."  528 B.R. at 466-67.

    In addition to what the Court said in *Johnson*, reading *Davenport* as the plaintiffs suggest would lead to nonsensical results.  If, as they insist, a right to payment means an obligation enforceable in Bankruptcy Court, then a claim (which is defined as a right to payment) also is limited to an obligation enforceable in Bankruptcy Court.  What then to make of Section 502(b)(1), which provides that the Bankruptcy Court "shall allow such [challenged] claim except to the extent that … such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law …"?  If the plaintiffs are correct, the Code provides that a creditor's enforceable obligation is to be allowed unless it is not an enforceable obligation.

    Without directly addressing this awkward inconsistency, the plaintiffs propose that the Code be read to permit proofs of claim if supported by a "good-faith belief in [the claim's] enforceability" but to forbid proofs of claim known to be subject to a defense.  (Doc. 51 at 15).  The Code, however, imposes no such restriction.  *In re:  Dunaway*, 531 B.R. 267, 274 (Bankr. W.D. Mo. 2015); *In re: Keeler*, 440 B.R. 354, 368 (Bankr. E.D. Pa. 2008).

    The plaintiffs stress the inefficiency inherent in filing proofs of claim on claims known to be time-barred, given that the defense (assuming a properly completed form, as in this case) is apparent from the face of the proof of claim, such that the trustee will surely object and the Bankruptcy Court will surely disallow the claim.  They note that the Eleventh Circuit has decried the "deluge" of proofs of claim on stale debts filed by consumer debt buyers (including the creditor herein) and has noted that the practice – and the need it generates to file

and resolve objections – "consumes energy and resources in a debtor's bankruptcy case." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1256, 1261 (11th Cir. 2014). The defendants' business practice "wastes limited judicial and party resources with no offsetting public benefit" or "societal value." Why, they ask, would Congress endorse such a "pointless exercise," which is endlessly repeated in countless cases by consumer debt buyers embracing this business model and which results either in wasted time or (if a stale claim slips through) in "divert[ing] funds from honest creditors"? (Doc. 51 at 10-11, 15-16).

The question is a good one, but it is the wrong one. The issue before the Court is not how Congress might have crafted the Code in 1978 had it foreseen developments in debt collection that occurred several decades later. Rather, the issue is what Congress in fact provided in the Code. That the congressional solution may in retrospect appear inadequate furnishes no grounds for judicially changing that legislative solution.

The plaintiffs next point to a recent decision imposing monetary sanctions against creditors filing proofs of claim on patently time-barred debt, as conduct violating Rule 9011. *In re: Sekema*, 523 B.R. 651 (Bankr. N.D. Ind. 2015). This, they assert, proves that the practice is "forbidden … under the Code." (Doc. 51 at 11-13).[1] Except that Rule 9011 is not part of the Code but a non-statutory adjunct to it. Rule 9011 (especially if it becomes routinely invoked, as in *In re: Sekema*) may temper the eagerness of creditors to file proofs of claim on debts known to be stale, but it does not alter the Code's statutory permission to file such proofs of claim.

Finally, the plaintiffs cite *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015). *Miljkovic* involved claims under the Act, without a whiff of bankruptcy. The plaintiffs nevertheless suggest that the "tone and language"

---

[1] The plaintiffs cite other cases, but they involve either Rule 11 in the limitations context or Rule 9011 in a non-limitations context. Only *In re: Sekema* involves Rule 9011 in a limitations context.

employed in *Miljkovic* render it "unlikely" the Eleventh Circuit would find the Act and Code in irreconcilable conflict, (Doc. 51 at 9), but the Court cannot from this vague statement make such a leap.

For the reasons set forth above and in *Johnson*, the defendants' motion for judgment on the pleadings is **granted**. This action is **dismissed with prejudice**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 20th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE